

**ORDERED in the Southern District of Florida on June 26, 2018.**

John K. Olson, Judge
United States Bankruptcy Court

---

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

In re:

**Steven Mariano**,

      Plaintiff,

vs.

**Simpson Thacher & Bartlett, LLP,
and Kasowitz Benson Torres, LLP,**

      Defendants.

_____/

Case No.: **N/A**

Adv. Proc. No.: **18-01087-JKO**

### ORDER GRANTING MOTION FOR REMAND [ECF 21]

**THIS ADVERSARY PROCEEDING** came before the Court for hearing on May 10, 2018, upon Plaintiff Steven Mariano's (the "Plaintiff") Motion to Remand or Alternatively for Mandatory or Permissive Abstention and Incorporated Memorandum of Law (the "Motion to Remand") [ECF 21]. On November 20, 2017, the Plaintiff filed a Complaint in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida, Case No. CACE-17-021733 (the "State Court Action"),

claiming that Defendant Simpson Thacher & Barlett LLP ("Simpson Thacher") and Defendant Kasowitz Benson Torres LLP ("Kasowitz") committed malpractice in connection with the sale of stock belonging to Patriot National, Inc. ("Patriot National"), a company for which the Plaintiff was previously the Chief Executive Officer. [ECF 1, p. 2].   Plaintiff alleges that he was jointly represented by Simpson Thacher along with Patriot National and that Simpson Thacher failed to warn him of the risks associated with the sale of stock.   [ECF 21, p. 3].

On February 28, 2018, Simpson Thacher filed a Notice of Removal (the "Notice of Removal") [ECF 1] from the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida to the United States Bankruptcy Court for the Southern District of Florida, pursuant to 28 U.S.C § 1452(c). In the Notice of Removal, Simpson Thacher contends, as a preliminary matter, that this Court has subject matter jurisdiction, pursuant to 28 U.S.C. § 1334(b).   [ECF 1, p. 3].   Specifically, Simpson Thacher claims that the State Court Action is "related to" Patriot National's Chapter 11 case in the United States Bankruptcy Court for the District of Delaware, Case No. 1:18-BK-10189 (the "bankruptcy case"), which was filed on January 30, 2018.[1]   *Id.*   Plaintiff then filed the Motion to Remand [ECF 21], arguing *inter alia* that there is no subject matter jurisdiction in this Court because there is no "related to" jurisdiction, pursuant to 28 U.S.C. § 1334(b).   Simpson Thacher filed an Opposition to Plaintiff's Motion to Remand (the "Opposition") [ECF 29] and Kasowitz joined in the Opposition [ECF 30].   Plaintiff then filed a Reply to the Opposition [ECF 31] and the hearing upon the Motion to Remand [ECF 21] came before the court on May 10, 2018.   After the hearing, the Plaintiff filed a Notice of Supplemental Authority and Supplemental Filing of Delaware Bankruptcy Court Order in Support of the Motion to Remand [ECF 32].   Simpson Thacher filed a Response to

---

[1] There is no underlying main bankruptcy case in this district.   Simpson Thacher [ECF 8] and Kasowitz [ECF 17] have separately moved to transfer venue of this adversary proceeding to the District of Delaware.

Plaintiff's Notice of Supplemental Authority [ECF 33] and the Plaintiff filed a Reply to Simpson Thacher's Response to Plaintiff's Notice of Supplemental Authority [ECF 34]. The Court has reviewed all the filings and performed its own inquiry into case law and statutory law.

The Eleventh Circuit adopted the test enunciated in *Pacor, Inc. v. Higgins*, 743 F.2d 984 (3d Cir. 1984) (the "Pacor test") "for determining whether a civil proceeding is sufficiently related to bankruptcy to confer federal jurisdiction on the district court." *Matter of Lemco Gypsum, Inc.*, 910 F.2d 784, 788 (11th Cir. 1990). "An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Id.*

Simpson Thacher argues that the State Court Action is "related to" the bankruptcy case because the outcome of the State Court Action may conceivably affect the estate at issue in that bankruptcy case. [ECF 1, p. 3]. Simpson Thacher contends that the claims are "inextricably intertwined by virtue of identical facts and assertions" and that a judgment in the state court action would present collateral estoppel issues, citing to *Gisinger v. Patriach*, 2016 WL 6083981, at *3 (S.D.N.Y. Oct. 18, 2016) (ruling that "related to" jurisdiction exists where the actions are "inextricably intertwined" and that allowing these actions to proceed would "at best" present estoppel issues). *Id.* Simpson Thacher states that "the application of issue preclusion [collateral estoppel] could have a conceivable effect on the applicable bankruptcy estate by altering the applicable Debtor's rights, options, and freedom of action, [and] thus meet[s] the very broad definition of 'related to' jurisdiction," citing to *In re CHC Grp. Ltd.*, 2017 WL 1380514, at *6 (Bankr. N.D. Tex. Mar. 28, 2017). [ECF 29, p. 4]. Simpson Thacher also contends that "related to" jurisdiction exists when the risk of inconsistent verdicts is present in addition to collateral estoppel issues, citing to *In re*

*Frascella Enterprises, Inc.*, 349 B.R. 421, 434 (Bankr. E.D. Pa. 2006).   [ECF 1, p. 3].   While the courts in these three cases determined that collateral estoppel issues were present, the risk of collateral estoppel is not an issue in this case to confer "related to" jurisdiction.

"Collateral estoppel, or issue preclusion, bars relitigation of an issue previously decided in judicial or administrative proceedings if the party against whom the prior decision is asserted had a 'full and fair opportunity' to litigate that issue in an earlier case."   *In re Barreto*, 514 B.R. 702, 710 (Bankr. S.D. Fla. 2013) (citing *St. Laurent v. Ambrose (In re St. Laurent),* 991 F.2d 672, 675 (11th Cir. 1993))).   Under Florida law, collateral estoppel, or issue preclusion, applies when "the identical issue has been litigated between the *same* parties or their privies."   *State v. McBride*, 848 So. 2d 287, 290–91 (Fla. 2003) (quoting *Gentile v. Bauder,* 718 So.2d 781, 783 (Fla.1998)).   The State Court Action was filed in Florida; therefore, Florida law applies to determine whether collateral estoppel issues are present here.   Distinguishably from the three cases that Simpson Thacher cites to, no risk of collateral estoppel is present here because the parties in the bankruptcy case differ from the parties in the State Court Action.   The Plaintiff is not a party to the bankruptcy case, even though he previously was an officer of Patriot National.   Under applicable Florida collateral estoppel law, there must be complete mutuality of the parties for collateral estoppel to apply.   *Quinn v. Monroe County*, 330 F.3d 1320, 1330 (11th Cir. 2003).[2]   Moreover, "potentially . . . inconsistent results is not a basis, alone, to find subject matter jurisdiction . . . it is not enough to establish 'related to' jurisdiction merely that a claim is 'related to' a claim that is 'related to' the bankruptcy case."   *In re Bruemmer Dev., LLC*, 515 B.R. 551, 557 (Bankr. E.D. Mich. 2014).   Without the risk of collateral estoppel present,

---

[2] Various other jurisdictions (e.g. New Mexico) do not require that there be mutuality of parties for collateral estoppel to apply.   Florida law does.   See generally *Brown v. Delayo*, 498 F.2d 1173, 1175 (10th Cir. 1974) (holding that "collateral estoppel in federal courts is not grounded upon the mechanical requirements of mutuality").

even if "the original complaint and the third party complaint are based upon the same transactions, overlapping facts are not sufficient to confer jurisdiction, *even when judicial economy is promoted*." *In re Kebe*, 444 B.R. 871, 878 (Bankr. S.D. Ohio 2011) (emphasis added). Therefore, because the risk of collateral estoppel is not present, there is no "related to" jurisdiction on the basis of the possibility of collateral estoppel and inconsistent verdicts if a state court judgment is entered.

Simpson Thacher also contends that "related to" jurisdiction exists because important evidence in the State Court Action will come from the testimony of former Patriot National officers, directors, and employees, and this will likely bind Patriot National, which would have a conceivable effect on the Patriot National estate.[3]   [ECF 1, p. 4].  Simpson Thacher contends that when a Fed. R. Civ. P. 30(b)(6) witness, a witness that testifies on behalf of a corporation, testifies as a representative of the entity, his answers bind the entity and can be used against the estate should Patriot National decide to pursue claims against Simpson Thacher in the future, citing to *DHL Express (USA), Inc. v. Express Save Indus. Inc.*, 2009 WL 3418148 (S.D. Fla. Oct. 19, 2009).  However, in this case, any individual who testifies as a witness will not be testifying on behalf of Patriot National, because the complaint only encompasses the claims that the Plaintiff contends he *personally* suffered. The Plaintiff brought the State Court Action on behalf of himself, not Patriot National, so he will not be testifying in this case as a representative of Patriot National, but merely as an individual, as all other witnesses.  As the Plaintiff states, "[t]he testimony of an individual . . . is distinct from the testimony of an entity."  *Louisiana Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 487 (N.D. Cal. 2012).  In turn, Plaintiff's testimony in the State Court Action should have no conceivable effect on Patriot National's estate because that testimony would be considered distinct

---

[3] The Defendant cites to *In re Albany Partners, Ltd*, 749 F.2d 670, 674 (11th Cir. 1984) to support this proposition, but that case was dismissed due to lack of good faith.   There was no question of jurisdiction in that case.

from Patriot National as an entity.   Thus, no "related to" jurisdiction exists on the premise that the testimony of witnesses in the State Court Action will bind Patriot National and have a conceivable effect on the estate's potential claim.

Plaintiff further asserts that if remanding the case to state court is not the appropriate remedy, then mandatory abstention, permissive abstention, or equitable remand would be appropriate. Because this Court finds that remand is appropriate for the reasons stated above, the court declines to opine on these alternative theories of relief.

Accordingly, due to the fact that there is no "related to" jurisdiction based on similar facts, the risk of collateral estoppel, inconsistent verdicts, or the risk of binding testimony, pursuant to 28 U.S.C. § 1334(b), it is hereby **ORDERED** that:

1) The Motion to Remand [ECF 21] is **GRANTED**.

2) This case is **REMANDED** to the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida.

3) All pending motions are **DENIED AS MOOT**.

4) The Clerk is **DIRECTED** to close this adversary proceeding.

SO ORDERED.

**###**

Copies furnished to:

All parties in interest.